```
                                   UNITED STATES DISTRICT COURT
                                   SOUTHERN DISTRICT OF FLORIDA

                                   CASE NO: 07-14404-Civ-MOORE
                                          (96-14040-Cr-MOORE)
                                   MAGISTRATE JUDGE P.A. WHITE

JOHNNY L. JOHNSON,              :

        Movant,                 :

v.                              :         REPORT OF
                                          MAGISTRATE JUDGE
UNITED STATES OF AMERICA,       :

        Respondent.             :
_____
```

This matter is before this Court on the movant's motion to vacate, attacking the constitutionality of his sentence based on the Supreme Court's recent decision in Kimbrough v. United States,[1] 552 U.S. ___, 128 S.Ct. 558 (2007) and the recent U.S. Sentencing Guidelines Amendment lowering base offense levels for offenses involving crack cocaine.

The court has reviewed the motion, the government's response, the Presentence Investigation Report (PSI), and all pertinent portions of the underlying criminal file.

Briefly, the procedural history of the underlying case reveals that the movant was convicted following a jury verdict of possession with intent to distribute a detectable amount of cocaine base, in violation of 21 U.S.C. §841(a)(1). (Cr-DE#s3,51). Prior to trial, however, the government filed an information pursuant to 21

---

[1] In Kimbrough, the Supreme Court determined that, in light of United States v. Booker, 543 U.S. 220 (2005), a district court may deviate from an advisory guidelines range for crack cocaine offenses based on a conclusion that the disparity between ranges for crack and powder cocaine results in a sentence greater than necessary to achieve the sentencing goals of 18 U.S.C. §3553(a). Kimbrough, 128 S.Ct. at 564.

U.S.C. §851 and 21 U.S.C. §841(b)(1)(A), seeking an enhanced penalty if the movant was convicted at trial. (Cr-DE#35).

Prior to sentencing, a PSI was prepared which determined that, pursuant to U.S.S.G. §4B1.1, the movant's sentence should be enhanced based on his status as a career offender. (PSI ¶¶19-20). Pursuant to U.S.S.G. §4B1.1, because the statutory maximum for the offense, a violation of 21 U.S.C. §841(b)(1)(A), was life imprisonment, the base offense level was set at a level 37. (Id.).

The probation officer also determined that the movant had a total of 10 criminal history points, resulting in a criminal history category V. (PSI ¶30). The probation officer concluded, however, that the regardless of the criminal history points, the movant's criminal history category is a category VI, pursuant to U.S.S.G. §4B1.1, because a career offender's criminal history category is always a category VI. (Id.). The resulting guideline range for a base offense level 37, with a criminal history category VI is 360 to life in prison. (PSI ¶60). However, pursuant to U.S.S.G. §5G1.1(c)(2), the guideline range can never be less than the statutory required minimum term of imprisonment. (Id.). Thus, because the minimum term was life, the guideline range was also set at life imprisonment. (Id.).

The movant appealed, and his judgment was affirmed in a written but unpublished appellate opinion on April 2, 1998. United States v. Johnson, 141 F.3d 1189 (11th Cir. 1998)(table); (Cr-DE#80). No certiorari review appears to have been filed with the U.S. Supreme Court. The movant's conviction therefore became final at the latest on July 3, 1998, ninety days following the affirmance of his conviction on direct appeal, when time expired for filing a

petition for certiorari review.[2] This motion to vacate was filed on December 27, 2007. (Cv-DE#1).

In this collateral proceeding, the movant seeks a reduction of sentence, pursuant to §2255, based on the recent Amendment to the U.S. Sentencing Guidelines. (Cv-DE#1). Amendment 706 and 713 to the U.S. Sentencing Guidelines made retroactive changes to U.S.S.G. §2D1.1.

The amendment, which became retroactively applicable on March 3, 2008, reduced the base offense level by two for offenses involving crack cocaine. The Commission reasoned that, putting aside its stated criticism of the 100:1 ratio applied by Congress to powder cocaine and crack cocaine offenses in setting statutory mandatory minimum penalties, the Commission could respect those mandatory penalties while still reducing the offense levels for crack offenses. See U.S.S.G., Supplement to App. C, Amend. 706.

The recent amendments to the federal guidelines, Amendment 706 and 713, however, are not applicable to the movant because his guideline range was determined not based on the type of drug, but rather pursuant to U.S.S.G. §4B1.1, based on his status as a career offender, which set his base offense at a level 37. Thus, the application of the recent amendments to U.S.S.G. §2D1.1 does not lower the movant's applicable guideline range, and therefore no reduction is appropriate under §3582(c)(2). Pursuant to U.S.S.G.

---

[2] The Supreme Court has stated that a conviction is final when a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied. Griffith v. Kentucky, 479 U.S. 314, 321, n.6 (1986); accord, United States v. Kaufmann, 282 F.3d 1336 (11th Cir. 2002). Once a judgment is entered by a United States court of appeals, a petition for writ of certiorari must be filed within 90 days of the date of entry. The 90 day time period runs from the date of entry of the judgment rather than the issuance of a mandate. Sup.Ct.R. 13; see also, Close v. United States, 336 F.3d 1283 (11th Cir. 2003).

§1B1.10(a)(2)(B), "[A] reduction in the defendant's term of imprisonment is not consistent with this policy statement statement and therefor is not authorized under 18 U.S.C. §3582(c)(2) if [a retroactively applied amendment] does not have the effect of lowering the defendant's applicable guideline range." See also, cf., United States v. Gonzalez-Balderas, 105 F.3d 981, 984 (5th Cir. 1997)(although a retroactive amendment reduced the defendant's offense level, the new level still required the sentence of life imprisonment which was imposed, and therefore the court properly denied the motion); United States v. Allen, 63 F.3d 350, 352-54 (5th 1995)(motion properly denied where the sentence would not be different under new guideline).

To the extent the movant seeks relief from judgment pursuant to Fed.R.Civ.P. 60(b)(6), arguing that the dismissal of his prior §2255 motion to vacate, case no. 01-14186-Civ-Paine, must be set aside due to abandonment by counsel, that claim also fails on the merits.

The §2255 motion filed in 01-14186-Civ-Paine, attacking his conviction and sentence in 96-14040-Cr-Paine, was dismissed as time-barred on December 5, 2001. Over six years have elapsed thereafter before the movant returned to this court filing the instant §2255 motion. In his supporting memorandum (Cv-DE#8), the movant alternatively seeks relief pursuant to Fed.R.Civ.P. 60(b)(6), stating that the claims raised in his prior §2255 motion were never adjudicated on the merits. (Cv-DE#6).

Rule 60(b) provides: "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: ... (6) any other reason justifying relief from

4

the operation of the judgment."

At this juncture it is apparent that what the movant has denominated as a motion for relief from judgment pursuant to Rule 60(b) in actuality is a second or successive application for §2255 habeas corpus relief. In Gonzalez v. Crosby, 545 U.S. 524 (2005), the Supreme Court held that a motion for relief from judgment in a §2254 proceeding is properly characterized as a "second or successive" habeas corpus application if, among other things, it attacks a previous resolution of a claim on the merits. The Court explained that a nominal Rule 60(b) motion in effect is a second or successive habeas petition when it "seeks validation of" or "advances" one or more claims. Id. at 531-32. "A motion can ... be said to bring a 'claim' if it attacks the federal court's previous resolution of a claim on the merits." Id. at 532. That is precisely what the movant's Rule 60(b) motion does here.

Pursuant to 28 U.S.C. §2244 (b)(3)(A), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  It is now well settled that a district court lacks jurisdiction to consider a successive §2254 application unless the petitioner first obtains such permission from the appellate court to file a successive petition. See, e.g., Boone v. Secretary, Dep't of Corrections, 377 F.3d 1315, 1317 (11 Cir. 2004); Farris v. United States, 333 F.3d 1211, 1216 (11 Cir. 2003). Thus, to the extent the movant means to mislabel this proceeding as a Rule 60(b) motion, it is in legal effect actually a successive habeas corpus petition. Murillo v. United States, 2006 WL 2853055 (11th Cir. 2006).

5

The Court in Gonzalez distinguished instances where a Rule 60(b) motion "attacks, not the substance of the federal court's resolution of a [habeas] claim on the merits, but some defect in the integrity of the federal habeas proceedings." Under such circumstances, the motion is properly brought under Rule 60(b), and the district court need not obtain prior authorization from the appellate court to entertain the claims for relief. Gonzalez, supra at 532; United States v. Sowers, 2007 WL 2302426 (11 Cir. 2007). Here, it appears that the movant has attempted to bring his motion within this exception by alleging abandonment of counsel. This argument, however, has been found to be invalid by the Eleventh Circuit. United States v. Sowers, 2007 WL 2302426 at *3. However, the requirement that a movant seek certification from the appellate court for the filing of a successive habeas application is dependant not on the characterization the movant chooses for his motion, but rather on the actual substance of the relief he seeks. See United States v. Sowers, supra ("It makes no difference that the motion itself does not *purport* to attack this court's substantive analysis of Sowers's habeas claims ... All that matters is that Sowers is, in actuality, 'seek[ing] vindication of' or 'advancing' claims by taking steps that lead inexorably to a merits-based attack on the prior dismissal of his habeas petition."); United States v. Jordan, 915 F.2d 622, 624-25 (11 Cir. 1990)(federal courts have "an obligation to look behind the label of a motion filed by a pro se inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework"). Here, it is readily apparent that the movant in reality is seeking re-review of claims previously dismissed as time-barred, so his purported Rule 60(b) motion in actuality is a successive motion to vacate. The record in this case reveals that

6

the movant has not received certification from the Eleventh Circuit authorizing this court to consider a successive §2255 motion.

When a person files an unauthorized or successive motion to vacate without first having obtained authorization from the court of appeals to do so, the proper remedy is for the district court to dismiss the claims raised in the petition for lack of jurisdiction. 28 U.S.C. §2244(b)(2)-(3); <u>El-Amin v. United States</u>, 172 Fed.Appx. 942, 946 (11 Cir. 2006).

For the foregoing reasons, it is recommended that the movant's §2255 motion (Cv-DE#1) seeking relief pursuant to the recent guideline amendments be denied, and that the motion for relief from judgment pursuant to <u>Fed.R.Civ.P</u>. 60(b) (Cv-DE#8:6), which in legal effect is a second or successive motion to vacate pursuant to §2255, be dismissed for want of jurisdiction for the movant's failure to obtain the certification required by 28 U.S.C. §2244 (b)(3)(A) from the Eleventh Circuit Court of Appeals.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Signed this 20th day of July, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

cc:   Johnny L. Johnson, <u>Pro Se</u>
      Reg. No. 40877-004
      F.C.C.-Coleman USP-2
      P.O. Box 1034
      Coleman, FL 33521

Theodore M. Cooperstein, AUSA
United States Attorney's Office
505 South Second Street, Suite 200
Fort Pierce, FL 34950